UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,              :
                                        :
                                        :          01 Cr. 491 (GS)
                                        :
        - against -                     :
                                        :          ORDER
                                        :
FAZIL R. AMIN,                          :
                                        :
                Defendant.              :
------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Defendant Fazil R. Amin has submitted a letter requesting that the Court release him from his obligation to register as a Sex Offender with the Florida Department of Law Enforcement ("FDLE"). (Dkt. No. 13). In 2001, Amin pled guilty in this Court to a misdemeanor charge of engaging in sexual contact with an inmate at the Metropolitan Correctional Center, in violation of 18 U.S.C. § 2243(b). He was sentenced to one year of probation with special conditions, including participation in a sex offender treatment program recommended by his probation officer. (*See id*. at 3-4, 8; Dkt. Entries dated June 20, 2001 and Oct. 25, 2001).[1]

In support of his request, Amin states that, following his conviction, he was inadvertently classified as a Tier 3 Sexual Predator by Middlesex County, New Jersey, where he was living at the time. (Dkt. No. 13 at 1). According to Amin, this classification is reserved for felony offenses and he should have been designated as a Tier 1 (Misdemeanor) sex offender instead. (*Id*.). Amin further states that, since

---

[1] Amin's criminal case was before U.S. Magistrate Judge Kevin Nathaniel Fox, who has since retired. This case was reassigned to the undersigned Magistrate Judge upon Defendant's submission of the letter addressed in this Order.

he moved to Florida 19 years ago, the FDLE has mandated that he report to his local Sheriff's office four times a year and has publicly listed him as a sex offender on the Internet based on the incorrect classification by Middlesex County. (*Id.*). As a result, Amin alleges, he has been unable to get a job and has suffered embarrassment and other adverse consequences. (*Id.* at 1-2).

This Court is unable to grant Amin the relief he seeks. Whether Amin is required to register as a sex offender with the FDLE is a question of Florida state law, not federal law. Florida's Sexual Offender Registration Act sets forth requirements for when individuals must register as sex offenders with the FDLE. Fla. Stat. Ann. § 943.0435. It also specifies criteria for when a person designated as a sex offender may be considered for removal of the registration requirement. *Id.* § 943.04354(1). When those criteria are met, the person may petition a Florida state court to be removed from the registration requirement. *Id.* § 943.04354(2).

This Court lacks jurisdiction to direct the FDLE to release Amin from his obligation to register as a sex offender under Florida law. *See, e.g.*, *Larach-Cohen v. Porter*, No. 19 Civ. 7623 (LTS) (SDA), 2021 WL 1203686, at *3 (S.D.N.Y. Mar. 30, 2021) ("[I]t is well established that this Court lacks jurisdiction to grant declaratory or injunctive relief against a state agency."); *see also In re Basey*, No. A-10-CA-898-LY, 2010 WL 5266066 (W.D. Tex. Dec. 15, 2010) (holding that federal court lacked jurisdiction to issue writ against Texas state agency directing that petitioner be removed from state sex offender registry) (report & recommendation).

To the extent Amin's *pro se* submission may be construed liberally as requesting that his federal criminal conviction be vacated (so that he would no longer need to register as a sex offender), Amin has not shown an entitlement to relief of this kind either. In order to invoke *habeas corpus* review, a petitioner "must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). But Amin is no longer "in custody," as his term of probation expired many years ago. The fact that he may have to register as a sex offender because of his federal conviction does not satisfy the "in custody" requirement. *See, e.g., Valles v. United States*, No. 19 Cr. 672 (JPC), 2021 WL 5322938, at *2 (S.D.N.Y. Nov. 8, 2021) ("[A] convicted sex offender subject to registration laws is not in custody because 'the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement.'") (quoting *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014)).

Alternatively, Amin's request could be construed as a petition for a writ of error *coram nobis*. The writ of error *coram nobis* "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (citation omitted). It is an "extraordinary remedy" that issues "only in extreme cases." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (citation omitted). "[T]he Second Circuit has articulated a three-pronged standard for when coram nobis relief is appropriate: '1) there are circumstances compelling such action to

3

achieve justice; 2) sound reasons exist for failure to seek appropriate earlier relief; and 3) the petitioner continues to suffer legal consequences from his [or her] conviction that may be remedied by granting of the writ.'" *Dixon v. United States*, No. 24 Civ. 4312 (LAP), 2024 WL 3413735, at *2 (S.D.N.Y. July 15, 2024) (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)).

Amin's request flounders on the first requirement. *Coram nobis* relief "'is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" *George v. United States*, No. 23 Civ. 9444 (PKC), 2024 WL 3876304, at *4 (S.D.N.Y. Aug. 20, 2024) (quoting *Foont*, 93 F.3d at 78). Amin does not claim any error infecting his conviction, let alone one of a fundamental character. He does not claim that he was improperly convicted, that he is not guilty of the offense to which he pled guilty, or that his plea was not knowing or voluntary. *See id.* at *5 (denying *coram nobis* petition where "[n]o fundamental error occurred in the Judge's acceptance of [petitioner's] guilty plea"). While his continued obligation to register as a sex offender may satisfy the third requirement for *coram nobis* relief, that alone is not sufficient to warrant relief. *See, e.g.*, *United States v. Dhingra*, CR 01-40144 SBA, 2019 WL 2744852, at *3-4 (N.D. Cal. July 1, 2019) (denying writ of *coram nobis* seeking to overturn federal child pornography conviction because, "[a]ssuming without deciding that sex offender registration is an adverse consequence sufficient to satisfy the case or controversy requirement, Petitioner fails to satisfy the [other required] elements,"

4

including by failing "to show any error of fact, let alone an error of the most fundamental character that renders the proceeding invalid").

Amin, perhaps understandably, feels it is unfair for him to have to continue to register as a sex offender, and suffer the consequences of that designation, nearly a quarter-century after his conviction for a misdemeanor offense. He contends he is the only Tier 1 Misdemeanor offender in the entire United States who is listed on the Internet as a sexual predator. (Dkt. No. 13 at 1). While the Court cannot verify the accuracy of that contention, it is true that the offense to which Amin pled guilty was a misdemeanor at the time.[2] It is also true that to convict Amin of this offense, the Government was not required to show that Amin's sexual act was nonconsensual. *See United States v. Martinez*, 110 F.4th 160, 166 (2d Cir. 2024) (noting that 18 U.S.C. § 2243(b) "prohibits sexual acts between an inmate and a guard regardless of the inmate's consent to such acts").

However sympathetic these circumstances may be, Amin has not shown any basis upon which this Court can grant him relief.[3] Accordingly, Amin's request must be **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
          March 25, 2025

_____
GARY STEIN
United States Magistrate Judge

---

[2] Congress increased the penalty for violations of 18 U.S.C. § 2243(b) in 2006, making the offense a felony. Pub. L. 109-162, Title XI, § 177(b)(1), Jan. 5, 2006, 119 Stat. 3125.

[3] Amin may wish to contact the Osceola County Public Defender's Office, located at 1 Courthouse Square, Suite 3200, Kissimmee, FL 34741 (telephone 407-742-7100), for assistance or guidance.